**CHANANA'S CORPORATION, a California corporation; Naveen Chanana; Sanjeev Tyagi and Indu Tyagi, husband and wife; and Gaurav Gauba, Plaintiffs,**

v.

**Robert E. GILMORE III and the marital community consisting of Robert E. and Sandra Gilmore, husband and wife; and Onvia.com, Inc., a Delaware corporation, Defendants.**

No. C03–0528P.

United States District Court,
W.D. Washington,
at Seattle.

Sept. 19, 2003.

Arthur W. Harrigan, Jr., Danielson Harrigan & Tollefson, Paul Anthony Barrett, Barrett Gilman & Ziker, Seattle, WA, for Plaintiffs.

Daniel J. Dunne, Jr., Heller Ehrman LLP, Seattle, WA, Michael Dion, US Attorney's Office, Tacoma, WA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING IN PART, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTION TO DISMISS, AND STRIKING DEFENDANTS' MOTION TO ALLOW DISCOVERY UNDER FED. R. CIV. PRO. 56(f)

MARSHA J. PECHMAN, District Judge.

Before the Court are Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), (Dkt. No. 12), Plaintiffs' cross-motion for summary judgment, (Dkt. No. 16), Defendants' motion to allow discovery pursuant to Fed.R.Civ.P. 56(f), (Dkt. No. 23), and Defendants' motion for summary judgment, (Dkt. No. 27). Defendants' motion for summary judgment is GRANTED in part because Chanana's Corporation is a suspended corporation and therefore lacks the capacity to bring suit in this matter. Plaintiffs' cross-motion for summary judgment on the same issue is DENIED. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED because there is no private right of action to seek rescission for a late filing violation. The remaining issues in Defendants' sum-

mary judgment motion are DENIED as moot. Similarly, the remaining issues in Plaintiffs' summary judgment are DENIED as moot. Defendants motion to allow discovery pursuant to Fed.R.Civ.P. 56(f) is STRICKEN as moot.

## BACKGROUND

Globe 1, Inc. ("Globe") sold $800,000 of unregistered stock to the Plaintiffs on February 28, March 6, and March 8, 2000. It sold a portion of the stock to Chanana's Corporation, for which Naveen Chanana is the sole shareholder, director, and officer. Another portion was sold to Sanjeev and Indu Tyagi in their individual capacity, and to Gaura Gauba in his individual capacity. Although Globe was required by state and federal law to file an SEC Form D within fifteen days of the first sale, Globe filed the form several months later on June 29, 2000, after it had sold the entire initial $4 million offering. On July 26, 2000, Globe announced that it had agreed to merge with Defendant Onvia.com, Inc. ("Onvia") in exchange for 2.85 million shares of Onvia common stock. Plaintiffs received Onvia stock in exchange for their Globe stock. Ultimately, Plaintiffs sold their Onvia stock back to Onvia at a large loss. Plaintiffs now seek rescission of their $800,000 purchase of Globe stock on the grounds that Defendants did not comply with Washington law requiring registration of the stock at issue, or in the alternative Washington law requiring timely filing of forms. Plaintiffs' single claim is against Defendants for violation of Washington state law in the selling of unregistered stock. Am. Compl. ¶¶ 7–20.

## ANALYSIS

*I.  Suspension of Chanana's Corporation Under California Law*

Defendants argue in their summary judgment motion that Chanana's Corpora-

tion lacks the capacity to bring a law suit because it is a suspended California corporation. In response, Plaintiffs argue that Chanana's Corporation was in the process of voluntary dissolution when it filed suit and, as such, had the capacity to bring suit. Plaintiffs' argument appears to miss the critical issue, namely that Chanana's Corporation remained a suspended corporation even while it was in the process of voluntary dissolution. Because Chanana's Corporation was suspended when it filed this law suit, and apparently still is a suspended corporation, Chanana's Corporation's claims are dismissed.

■■■■ Under Fed.R.Civ.P. 17(b), the "capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Chanana's Corporation is a California corporation. California law dictates that, upon suspension, "the corporate powers, rights, and privileges of the corporation are suspended." Cal. Corp.Code § 2205(c). As such, the corporation is "disabled from participating in litigation activities." *Leasequip Inc. v. Dapeer*, 103 Cal.App.4th 394, 402, 126 Cal. Rptr.2d 782 (2002). A corporation's legal rights are revived after suspension if and when the corporation cures the problem that triggered the suspension. *Signal Data Processing, Inc. v. Rex Humbard Foundation*, 99 Ohio App.3d 646, 650, 651 N.E.2d 498 (1994) (interpreting California law). Accordingly, the Ninth Circuit has not allowed suspended corporations to file suit in federal court. *Christian & Porter Aluminum Co.*, 584 F.2d 326, 331–32 (9th Cir.1978).

■■■■ Chanana's Corporation was suspended by the California Secretary of State on May 15, 2002. *See* Dion Decl., Ex. 3. It was still suspended when it filed suit in this action on February 28, 2003. Because of its suspended status, it lacked the legal capacity to file this law suit. It is worth noting that even if Chanana's Cor-

poration were to cure the defect, it's claim in this matter would be time barred. "While the corporation's powers are suspended, the statute of limitations is not tolled." *Leasequip*, 103 Cal.App.4th at 403, 126 Cal.Rptr.2d 782. The fact that the corporation was in the process of voluntary dissolution does not change the fact that it was officially suspended, and therefore had no power to bring a law suit. Thus, regardless of its dissolution status, the claims by Chanana's Corporation are dismissed. Defendants' motion for summary judgment on this issue is GRANTED.

■■■ The Court notes that Naveen Chanana is a Plaintiff in this case solely in his corporate capacity as sole shareholder, director, and officer of Chanana's Corporation. Am. Compl. ¶¶ 2, 6, Turnow Decl., Ex. 2, Chanana Decl. ¶¶ 2–3. The Court can find no reason why Mr. Chanana's claims do not merit dismissal for the same reasons Chanana's Corporation's claims are dismissed. However, Defendants have not moved to dismiss Mr. Chanana's claims. Therefore, this Court may not *sua sponte* dismiss his claims.

## II. Dismissal under Fed.R.Civ.P. 12(b)(6)

Defendants have moved for dismissal based on Fed.R.Civ.P. 12(b)(6). Ordinarily, "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Additionally, all allegations of material fact are construed in a light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.2002).

*A. Covered Security*

Plaintiffs' complaint alleges that Defendants violated RCW 21.20.140 because they sold unregistered securities to Plaintiffs and did not fall under an exemption to the state registration requirement. Under RCW 21.20.140, securities sales are unlawful unless the securities are (1) registered, (2) exempt under state law, or (3) covered securities and a Form D has been filed and the required fees paid within fifteen days of the sale. RCW 21.20.140, 21.20.327(2). Defendants move to dismiss the complaint on the grounds that the Globe securities were covered securities, and as such, they need not have been registered or fall under one of the state law exemptions. Defendants contend that Plaintiffs' claims regarding the failure to register the Globe stock as required by RCW 21.20.140 are preempted by the National Securities Marketing Improvement Act ("NSMIA"). 15 U.S.C. § 77r *et seq.*[1] Section 77r(a)(1) of NSMIA, entitled "[e]xemption from State regulation of securities offerings," prohibits states from requiring registration of covered securities. It provides:

> [N]o law, rule, regulation, or order or other administrative action of any State or any political local division thereof—requiring, or with respect to, registration or qualification of securities, or registration or qualification of securities transactions, shall directly or indirectly apply to a security that ... is a covered security; or ... shall directly or indirectly prohibit, limit, or impose conditions, based on the merits of such offering or issuer, upon the offer or sale of any [covered security].

Plaintiffs counter that the Globe securities are not federal covered securities. Thus, the threshold question is whether the securities are federal covered securities.

Under federal law, a security is a "covered security" if it is sold in a transaction exempt from registration pursuant to an SEC rule or regulation issued under § 77d(2). § 77r(b)(4)(D). Section 77d(2) covers transactions not involving a public offering. Securities sold pursuant to 17 C.F.R. § 230.506 are "deemed to be transactions not involving any public offering." 17 C.F.R. § 230.506(a). Therefore, such securities can be covered securities. Washington state law concerning covered securities tracks the federal definition. RCW 21.20.005(17). The parties do not dispute that Globe made a limited offer of an unregistered security pursuant to 17 C.F.R. § 230.506. Because Globe was selling securities in reliance on § 230.506, federal law required it to file a Form D no later than 15 days after the first sale of securities. 17 C.F.R. § 230.503. State law also required the filing of the federal Form D within 15 days. RCW 21.20.327(c)(2). Plaintiffs do not dispute that, had Globe complied with the 15–day filing requirement, it would have been a covered security and exempt from state registration requirements. Plaintiffs argue that the late filing of the Form D disqualifies the securities from being deemed "covered securities." Therefore, the issue is whether Globe's failure to file timely removes it from the covered security category for purposes of federal and state law.

■ Failure to comply with a condition of the regulations does not automatically remove the exemption for a security. Prior to 1989, "[u]nder Regulation D as adopted in 1982, an otherwise valid offering was destroyed by a delinquently filed Form D." J. William Hicks, 7A *Exempted Trans. Under Securities Act 1933* § 7:231 (2003). Responding to criticism of the regulation, the Commission in 1989 amended the rules and "eliminated the Form D

---

**1.** All statutory references unless otherwise noted refer to these provisions.

filing requirement of Rule 503 as a condition to these exemptions." *Id.; see also* Securities and Exchange Commission Summary, *Regulation D; Accredited Investor and Filing Requirements,* 54 Fed. Reg. 11369 (March 20, 1989) ("While the filing of Form D has been retained, it will no longer be a condition to any exemption under Regulation D."). Rather than removing the exemption, the consequence of failing to file a Form D is disqualification from making *future offerings* under the rules. 17 C.F.R. § 230.507; *see also* Hicks § 7:231. Moreover, an issuer may still qualify for the exemption by showing that an untimely filing was an "insignificant deviation" from the rules. 17 C.F.R. § 230.508; *see also* Hicks § 7:233. Accordingly, Globe's securities qualify as covered securities, even though it filed its Form D late. Consequently, under both § 77r(a) and RCW 21.20.140, the securities need not have been registered.

## B. *Preemption and Private Right of Action Under State Law*

Plaintiffs argue that even if the Globe stock are deemed covered securities, Globe's failure to file timely its Form D violated the RCW 21.20.140, for which Plaintiffs have a private right of action for rescission pursuant to RCW 21.20.430. Defendants reply that there is no such private right of action for failing to comply with the filing and fee requirements as set forth in the RCW, and that even if there were, it would be preempted by the NSMIA. The Plaintiffs maintain that NSMIA does not preempt this right.

As quoted above, section § 77r(a) of NSMIA is clear in preempting state laws purporting to require registration of covered securities. However, NSMIA also explicitly preserves state authority to regulate covered securities in two areas: fraud and filing requirements (including fees for filing). *Id.* § 77r(c). The filing requirements are at issue in this matter.

The origins of NSMIA aid in understanding the scope of this preserved power. The primary purpose of NSMIA was to preempt state "Blue Sky" laws, which required issuers to register many securities with state authorities prior to marketing in the state. *Zuri–Invest AG v. Natwest Finance Inc.,* 177 F.Supp.2d 189, 192 (S.D.N.Y.2001). By 1996, Congress recognized the redundancy and inefficiencies inherent in such a system and passed NSMIA to preclude states from requiring issuers to register or qualify certain securities with state authorities. *Id.* NSMIA "seeks to further advance the development of national securities markets and eliminate the costs and burdens of duplicative and unnecessary regulation by, as a general rule, designating the Federal government as the exclusive regulator of national offering of securities." Report of Committee on Commerce, H.R. Rep. 104–622, 104th Cong., 2d Sess., at 16 (1996), reprinted in 1996 U.S.C.C.A.N. 3877, 3878 ("Commerce Committee Report").

At the same time, due to concern over the reliance of states on revenue from filing fees, Congress allowed states to continue to collect fees from issuers at the same time that it eliminated state registration requirements for covered securities. NSMIA reconciled the two public policy goals by allowing states to require issuers to file any document filed with the SEC "solely for notice purposes and the assessment of any fee." § 77r(c)(2)(A). Additionally, Congress explicitly allowed the states to suspend offers or sales for failure to file or pay a fee: "Nothing in this section shall prohibit the securities commission (or any agency or office performing like functions) of any State from suspending the offer or sale of securities within such State as a result of the failure to submit any filing or fee required under law and permitted under this section." § 77r(c)(3). Thus, states can require that a covered security file a

Form D and pay a filing and other fees. If the issuer files late, the state can suspend the sale or offer.

In accordance with NSMIA, Washington law requires that the issuer file a notice on SEC Form D within 15 days of the sale. RCW 21.20.327, WAC 460–44A–503, 460–44A–506. It also authorizes issuance of a stop order suspending the offer and sale of the covered security if the issuer fails to file the Form D. RCW 21.20.327(4).

■ It is undisputed that Globe filed its Form D after the 15 day period had elapsed. The issue at bar is what penalties exist for Globe's late filing, and specifically whether there is a private right of action for rescission available to the Plaintiffs. Rescission is a remedy under Washington law in only a limited class of securities violations.

> Any person, who offers or sells a security in violation of any of RCW ... 21.20.140 *(1) or (2)* ... is liable to the person buying the security from him or her, who may sue either at law or in equity to recover the consideration paid for the security, ...

RCW 21.20.430 (emphasis added). RCW 21.20.140(3), addressing covered securities and their filing requirements, is notably absent from the remedies available under RCW 21.20.430. Rather, as stated above, the RCW allows for suspension of the offering when the issuer does not comply with the filing requirements. RCW 21.20.327(4). Defendants did not violate sections (1) or (2), but rather section (3) by failing to timely file. The statutory remedy is suspension by the state. Plaintiffs' proposed interpretation would make RCW 21.20.430's specification of liability only for section (1) and (2) violations meaningless.

Moreover, the Legislature's change of Washington law in response to NSMIA reflects an intention to exempt federal covered securities from the rescission penalty for selling nonregistered securities.

Washington amended RCW 21.20.140 to add the federal covered security provision as section (3) in response to NSMIA. Formerly, under RCW 21.20.430, any violation of RCW 21.20.140 provided a remedy of rescission. However, in amending RCW 21.20.430 at the same time RCW 21.20.140 was amended, Washington limited RCW 21.20.430's coverage to apply only to violations of sections (1) and (2), excepting section (3), federal covered securities. At this same time, Washington also created the penalty provision for failing to file or pay a fee relating to a covered security, in accordance with federal law, at RCW 21.20.327. The structure of the amendments to the law following NSMIA clearly support Defendants' interpretation. In addition, the fact that the Legislature only provided statutes of limitations for violations of sections (1) and (2), and none for section (3), supports the conclusion that the state intended no private right of action specifically under the securities law provision for a section (3) violation.

In contrast to the above analysis, Plaintiffs rely on an unpublished opinion from this district to support its claim that it has a private right of action for rescission in this matter. In *Chamberlain v. Advanced Equities*, C01–502R (W.D.Wash., Jan. 17, 2002), the court concluded, as does this Court, that state laws cannot require registration of securities, that state laws can require filing for purposes of notice and fees, and that states may penalize issuers for non-compliance. However, this Court differs from *Chamberlain*'s conclusion that rescission is a remedy for a late filing under Washington law. Based on the close analysis of Washington law above, it does not appear to this Court that the authority to penalize issuers for non-compliance with filing requirements extends beyond the statutory remedy of suspension of future offers to include a private right of action for rescission.

The Plaintiffs also argue that under the language of the statute, an exemption is not allowed *unless* it's a federal covered security *and* the issuer pays the filing fee within 15 days. They rely on WAC 460–44A–506's clause stating that offers and sales of securities must timely file a Form D to qualify for preemption. Thus, even if Globe's securities were covered securities, the fact that a Form D was filed late would mean that the securities are unlawful, unregistered securities under Washington law. In essence, Plaintiffs' interpretation would convert a covered security for which a Form D was filed late into an "uncovered" security subject to the state's registration requirement. However, this interpretation disregards the fact that a federal covered security can be a covered security regardless of whether a Form D is timely filed. The effect of Plaintiffs' interpretation would negate the purpose of NSMIA because a covered security that is not timely filed would be forced to register under Washington law or face rescission, the penalty for failing to register. This could very well run afoul of NSMIA's prohibition in § 77r(a) on State laws requiring registration that may apply "directly or indirectly" to a federal covered security.

Because there is no private right of action for late filing of a Form D under state law, it is unnecessary to consider Defendants' alternative argument that NSMIA preempts such a private right of action.

## CONCLUSION

Plaintiff Chanana's Corporation is a suspended corporation and lacks the capacity to file a law suit. Therefore, Defendant's motion for summary judgment on this issue is GRANTED and Chanana's Corporation's claims are dismissed. Plaintiffs do not have a private right of action to seek rescission for Defendants' violation of state law in filing their Form D late. Therefore, Defendants' motion to dismiss is GRANTED. Plaintiffs' motion for summary judg-

ment is DENIED as moot. Similarly, the remaining issues in Defendants' motion for summary judgment are moot, and is therefore DENIED in part.

The Clerk is directed to send copies of this order to all counsel of record.